■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES HOWARD, Appellant.—Appeal by the defendant (1) from a judgment of the Supreme Court, Kings County (Lodato, J.), rendered June 30, 1981, convicting him of robbery in the second degree, grand larceny in the second degree, and criminal possession of stolen property in the first degree, upon a jury verdict, and imposing sentence; and (2) by permission, from an order of the same court dated July 22, 1982, which denied the defendant's motion pursuant to CPL 440.10 to vacate the judgment.

Order affirmed.

Judgment modified, on the law, by vacating the sentences imposed on the defendant's convictions of grand larceny in the second degree and criminal possession of stolen property in the first degree. As so modified, judgment affirmed, and matter remitted to the Supreme Court, Kings County, for resentencing in accordance herewith.

The defendant was arrested and indicted in connection with the hijacking of a Texaco gas delivery truck on January 5, 1980. After the truck was hijacked, it was driven to and unloaded at a gas station owned by Alton Best. At the trial, Best testified that in the preceding year he had declined several offers by the defendant to sell him gasoline at the invoice price. However, on December 18, 1979, the defendant called Best and told him that he had "dropped" 3,000 gallons of gasoline at Best's station the night before. Although Best testified that he had not requested the delivery, he paid for the gasoline. Best testified that on December 26 or 27 he received another delivery of gasoline from the defendant,

which he had agreed to accept prior to the delivery. Best testified that he did not learn of a January 5 load of gasoline until it had been unloaded in his station, and never paid for that gasoline.

We reject the defendant's contention that it was error for the trial court to submit the issue of Best's status as an accomplice to the jury as a question of fact. The court properly denied the defendant's request to charge the jury that Best was an accomplice as a matter of law. Absent proof of a prior agreement or arrangement between the defendant and Best concerning the delivery of January 5, 1980, or evidence that Best was otherwise criminally implicated in the hijacking, it was proper to submit the issue of Best's status as an accomplice to the jury as a question of fact *(see, People v Brooks,* 34 NY2d 475, 477, 480).

Since the crimes of grand larceny in the second degree and criminal possession of stolen property in the first degree are not violent felony offenses, the defendant should have been sentenced on those counts as a persistent felony offender as opposed to a persistent violent felony offender. The case is remitted for resentencing on those counts.

We have considered the defendant's remaining contentions, including those raised in his *pro se* supplemental brief, and find them to be without merit. Lawrence, J. P., Eiber, Kunzeman and Kooper, JJ., concur.